# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00177-CR

**Kenneth Tuck, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9020859, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant Kenneth Tuck guilty of theft over $20,000. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(5) (West Supp. 2005). The court assessed a five-year prison sentence, but suspended imposition of that sentence and placed appellant on community supervision. The sole issue on appeal is whether the trial court erred by denying appellant's request for a free appellate record.[1] Finding no abuse of discretion, we affirm the conviction.

A two-step process is used to determine if a defendant is indigent for the purpose of obtaining a free record on appeal: (1) the defendant has the initial burden to make a prima facie showing of indigence, and (2) if that showing is made, the burden shifts to the State to show that the defendant is in fact not indigent. *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004).

---

[1] The clerk's record was prepared and filed. The only remaining issue is appellant's entitlement to a free reporter's record.

Although the indigence determination is committed to the trial court's discretion, our review of the court's ruling is not as deferential as it is in other contexts. *Id*. at 875-76. The trial court is not free simply to disbelieve the defendant's sworn allegations regarding his financial status. *Id*. at 875. The court may disbelieve an allegation only if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or inadequate. *Id*. at 876.

Appellant, who is represented by retained counsel, filed a motion for a free record supported by an affidavit stating that he has "no money, property or assets of any kind sufficient to enable me to pay for or give security in order to pay for the Reporter's Record." *See* Tex. R. App. P. 20.2. At the hearing on appellant's motion, he testified that the statements in his affidavit were true and correct.[2] During cross-examination by the State, appellant testified that he had been unable to obtain full-time work, was employed part-time at Sears, and earned approximately $450 during the previous month. He testified that he owns no stocks, bonds, furniture, or anything else of value. He stated that he pays $950 per month in rent and makes a monthly payment of $540 on a 1997 Suburban. He explained that he had been borrowing money from his brother. Counsel agreed that the reporter's record will cost approximately $2100 not including the exhibits, which the prosecutor estimated would cost an additional $700.

At the conclusion of the hearing, the court directed appellant to file an indigency information form together with verifying documents such as bank statements, payroll stubs, and tax returns. Appellant subsequently filed an information form showing a monthly income of $1200 and

---

[2] The hearing was before the Honorable Brenda Kennedy.

claiming $1790 in necessary monthly expenses, including the rent and vehicle payments mentioned previously. He also tendered a copy of his 2003 income tax return which showed a total income for that year of $20,503, and a single Sears pay stub showing that he was paid $567 in wages and commissions during the first two weeks of April 2004.

Appellant asserts that the trial court abused its discretion because he made a prima facie showing of indigence that was unrefuted by the State. We agree with the State, however, that the court could have reasonably believed that some of appellant's claimed expenses—specifically the $950 rent and $540 car payment—were unnecessarily high. *See Whitehead*, 130 S.W.3d at 879. The court could reasonably expect a person claiming a monthly income of $1200 to find less expensive housing and means of transportation, and to use the money saved to pay the court reporter. Considering the record as a whole, we conclude that the district court's finding that appellant did not make a prima facie showing of indigence was not an abuse of its discretion.

Because no other error is raised, the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: November 17, 2005

Do Not Publish

3